WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Medcalf, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Jerry Robert Uzzell, et al.,<br><br>　　　　　Defendants. | No. CV-20-00997-PHX-ESW<br><br>**ORDER** |

This personal injury action arises out of a motor vehicle accident that occurred on April 30, 2018 in Cochise County, Arizona. Initially filed in the Superior Court of Arizona, Defendants Jerry and Lynnette Uzzell removed the matter to the District Court based on diversity jurisdiction. (Doc. 1).

Pending before the Court are Defendants' "Motion to Preclude Testimony of Drew Hunter, M.D. and Request for *Daubert* Hearing" (Doc. 31) and "Motion to Preclude Testimony of Sean Southland, Ph.D., MDAST, and Request for *Daubert* Hearing" (Doc. 32). Plaintiff Nathan Medcalf and Tara Koester have filed Responses (Docs. 33, 34), to which Defendants have not replied.

Plaintiffs disclosed Drew C. Hunter, M.D. and Sean Southland, Ph.D as witnesses who may testify concerning Plaintiff Koester's medical conditions. (Doc. 33-1 at 21-33). On March 12, 2020, Plaintiff Koester was assessed by Dr. Hunter for an impairment rating. Dr. Drew assigned a 10% whole person impairment rating to Plaintiff Koester. (*Id.* at 31).

On October 29, 2019 and November 7, 2019, Plaintiff Koester saw Dr. Southland for a neuro/neuropsych consultation. (*Id.* at 21). Plaintiffs' disclosure statement states that Plaintiffs' treating medical providers "will offer expert testimony but may not be independently retained to provide that expert testimony." (*Id.* at 33).

Defendants move to exclude the testimony of Drs. Hunter and Southland on the ground that their opinions are unreliable under the standards set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993). Plaintiffs argue that Drs. Hunter and Southland's "expected testimony in this case is not subject to scrutiny under *Daubert* guidelines, or expert witness requirements dictated in F.R.E. Rule 702 or F.R.C.P. Rule 26(b)(4), simply because [they were] not specially retained to provide expert opinions, and [their] testimony and opinions are based on [their] personal observations of Plaintiff in a clinical setting for purposes of medical treatment, and not in anticipation of litigation or trial." (Doc. 33 at 4; Doc. 34 at 3).

In 2000, Federal Rule of Evidence 701 was amended. Rule 701 provides:
> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The Advisory Committee on the Federal Rules of Evidence explains:
> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See generally Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190 (3d Cir. 1995). By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26

> and Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson. . . .
>
> The amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*. Certainly it is possible for the same witness to provide both lay and expert testimony in a single case. . . . The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules.

Advisory Committee's Notes to Fed. R. Evid. 701 (2000 Amendments) (emphasis in original).

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The Court has a "gatekeeping responsibility" to ensure that expert testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993)). The Supreme Court "heavily emphasizes that judges are entitled to broad discretion when discharging their gatekeeping function" related to the admission of expert testimony. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire*, 526 U.S. at 152). "[N]ot only must the trial court be given broad discretion to decide *whether* to admit expert testimony, it 'must have the same kind of

latitude in deciding *how* to test an expert's reliability.'" *Id.* (quoting *Kuhmo Tire*, 526 U.S. at 152) (emphasis in original). If expert testimony is challenged, the party proffering the expert testimony must show by a preponderance of the evidence that the expert's testimony is admissible. *Daubert*, 509 U.S. at 592 n.10.

In applying Rule 702, the Ninth Circuit "contemplates a broad conception of expert qualifications." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (emphasis, internal quotation marks, and citation omitted). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citing *Daubert*, 509 U.S. at 596). Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony–they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998) (emphasis in original). Further, "[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony." *Id.* (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)); *see also Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1142 (9th Cir. 1997) (fact that expert's opinions were based on data collected by others was immaterial to determining whether opinions were admissible).

In *Daubert*, the Supreme Court enumerated a number of factors to aid the trial court in its gatekeeping role: (i) whether the scientific knowledge can or has been tested; (ii) whether the given theory or technique has been published or subjected to peer review; (iii) the potential or known error rate; and (iv) whether the theory or technique has gained general acceptance in the pertinent field. *Daubert*, 509 U.S. at 592-94. The court may consider any or all of the *Daubert* factors, depending on the "particular circumstances of the particular case at issue." *Kumho Tire Co.*, 526 U.S. at 150 ("[W]e can neither rule out, nor rule in, for all cases and for all time the applicability of the factors mentioned in *Daubert*.").

"A treating physician's opinions regarding diagnosis of a medical condition are almost always expert testimony, because diagnosis requires judgment based on scientific, technical, or specialized knowledge in almost every case." *Peshlakai v. Ruiz*, No. CIV 13-0752 JB/ACT, 2013 WL 6503629, at *17 (D.N.M. Dec. 7, 2013). Therefore, it "clearly is incorrect" to assert that because a witness is a treating physician, not a specially retained expert, the witness' opinions are not subject to *Daubert*. *Tavilla v. Cephalon Inc.*, No. CV11-0270 PHX DGC, 2012 WL 1190828, at *4 (D. Ariz. Apr. 10, 2012). "[A] treating physician who has not been identified as an expert witness pursuant to Rule 26(a)(2) may not provide testimony beyond the scope of her treatment of plaintiff and [the physician's] conclusions must fall within the province of a lay witness." *Parker v. Cent. Kan. Med. Ctr.*, 57 F. App'x. 401, 404 (10th Cir. 2003) (internal quotation marks and citations omitted); *see also Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 1207 (8th Cir. 2000) ("[A] treating physician's expert opinion on causation is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired solely for purposes of litigation."); *Alsadi v. Intel Corp.*, No. CV-16-03738-PHX-DGC, 2020 WL 4035169, at *14 (D. Ariz. July 17, 2020) ("Plaintiffs are incorrect in their claim that Dr. Garcia can testify about his treatment of Plaintiff without regard to Rule 702. If he expresses opinions formed during the course of treatment, those opinions likely will be based on based on Dr. Garcia's scientific, technical, or other specialized knowledge and therefore will be subject to the requirements of Rule 702.") (citing Fed. R. Evid. 701(c), 702); *Witherspoon v. Navajo Ref. Co., L.P.*, No. CIV 03-1160 BB/LAM, 2005 WL 5988650, at *1 (D.N.M. June 28, 2005) (observing that amended Rule 701 "compels courts to categorize more testimony from treating physicians as subject to expert disclosure requirements and some courts have barred testimony from physicians about their diagnosis and treatment, finding that such opinions are necessarily based on expert knowledge"); *Lamere v. New York State Off. for the Aging*, No. 03-CV-0356, 2004 WL 1592669, at *2 (N.D.N.Y. July 14, 2004) ("If the treating physician's testimony is limited to pure observation, an explanation of treatment notes, etc., then the physician may properly be characterized as a fact witness . . . . If,

however, testimony is elicited that reasonably may be considered to be opinions based on specialized skill and knowledge that fall within Fed. R. Evid. 702, then the physician may properly be characterized as an expert witness . . . .").

The Court concludes that Defendants correctly assert that Drs. Hunter and Southland's opinions are properly characterized as expert testimony. Proponents of expert testimony "do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of the evidence that their opinions are reliable. . . . . The evidentiary requirement of reliability is lower than the merits standard of correctness." Advisory Committee Notes to Fed. R. Evid. 702 (2000 Amendments) (quoting *In Re Paoli R.R. Yard PCB Litig.*, F.3d 717, 744 (3rd Cir. 1994)). Plaintiffs have failed make such a showing. For the reasons stated in Defendants' Motions (Doc. 31, 32), the Court finds that Drs. Hunter and Southland's opinions do not meet the reliability standards set forth in *Daubert* and Rule 702. Accordingly,

**IT IS ORDERED** granting Defendants' "Motion to Preclude Testimony of Drew Hunter, M.D. and Request for *Daubert* Hearing" (Doc. 31). Dr. Hunter is precluded from offering expert opinions related to Plaintiff Koester's purported cognitive impairment.

**IT IS FURTHER ORDERED** granting Defendants' "Motion to Preclude Testimony of Sean Southland, Ph.D., MDAST, and Request for *Daubert* Hearing" (Doc. 32). Dr. Southland is precluded from offering expert opinions at trial.

Dated this 18th day of November, 2021.

Honorable Eileen S. Willett
United States Magistrate Judge